E. MEDDIE KNOWLES ET AL. v. A. C. SNYDER.

Decided June 18, 1910.

**Peremptory Charge—Conflicting Evidence—Practice.**

In a suit for damages for an alleged breach of contract for the exchange of property, evidence considered and held to raise an issue of fact which should have been submitted to the jury, and a peremptory instruction for the plaintiff was therefore reversible error.

Appeal from the District Court of Taylor County. Tried below before Hon. T. L. Blanton.

*Scarborough & Hickman,* for appellants.

*Harry Tom King, C. L. Hailey* and *B. K. Isaacs,* for appellee.

CONNER, CHIEF JUSTICE.—The following facts constitute the basis of this suit: A. C. Snyder was the owner of certain improved lots in the city of Abilene, Taylor County, valued at four thousand dollars, against which there was an encumbrance of two thousand dollars. Mrs. E. Meddie Knowles was the owner of two certain parcels of improved land in Comanche County, in one of which she had an equity of five hundred dollars, and the other, known as the hotel or wagon yard prop-

erty, was valued at three thousand five hundred dollars. Snyder and Mrs. Knowles agreed upon an exchange of properties. Mrs. Knowles executed and delivered to Snyder a conveyance to the property in which she had but an equity of five hundred dollars, and Snyder in turn executed and delivered conveyance to Mrs. Knowles to the Abilene property. By the terms of the agreement Mrs. Knowles assumed the indebtedness on the Abilene property, but Snyder was to execute his individual notes, secured by vendor's lien notes of a then proposed purchaser of the Comanche hotel property, for the said two thousand dollars. The deed to the hotel property from Mrs. Knowles and Snyder's notes, executed in accordance with the agreement, were deposited with one, Lewis, awaiting Snyder's procurement of the vendor's lien notes with which to secure his individual notes. The agreement further provided that in event Snyder failed to procure the vendor's lien notes he should secure his personal notes for two thousand dollars with a deed of trust upon the hotel property. The exchange was made in August, 1908, but Snyder having failed to deposit with Lewis either vendor's lien notes or trust deed as agreed upon, Mrs. Knowles secured the deed to the hotel property, returned Snyder's notes, and sold the property.

So far as now necessary to notice its form, this suit was instituted by Snyder to recover of Mrs. Knowles and her husband the sum of fifteen hundred dollars, the alleged value of his equity in the hotel property so conveyed by Mrs. Knowles. Upon the trial, after the introduction of the testimony, the court peremptorily instructed the jury to find for Snyder in the sum of eleven hundred and twenty-four dollars with an equitable lien upon the Abilene property, and judgment was entered accordingly. In so instructing the jury, we think the court erred as assigned.

Mrs. Knowles, among other things, testified as follows: "I talked to him (Snyder) every few days; every now and then from then on (August, 1908) until just before Christmas; well, I believe the last time was about the 15th. Somewhere about the 12th and 15th of December I demanded my deed of trust, and he said that he would not give me a deed of trust; that there was no use of it; he said he would give me the deed back to it and save the expense of making a deed of trust, and he gave me the deed back. I accepted it. That was the deed to the hotel and wagon yard property. As to what the consideration was for me accepting that deed back, there was not any more, only I insisted that he give me the deed of trust, and him and Mr. Lewis said that there was no use of it. And he said that he had given me the deed and that is all he could do; that that was better than the deed of trust. He said that he could not pay for the place. You see that he had a note that was due the first of January, and he said that he did not have the money and could not meet it and could not pay off the note; I told him that I had to have my money that was due, and he said he could not pay it and that he would give me the deed back. I took the deed back in settlement of all the notes for $2000 indebtedness. I gave the notes back to

him. I gave them to Mr. Lewis and Mr. Lewis said he sent them to him. That is as far as I know about it. I already had the deed back to the hotel and wagon yard property; Mr. Snyder had given it to me. He told me to keep it in settlement of the $2000 notes."

While appellee Snyder denied that he had authorized the return of the deed to the hotel property in settlement of his personal notes for two thousand dollars, it is undisputed that he had neither secured the same nor executed and delivered a trust deed in accordance with the terms of the exchange. It seems also undisputed that his personal notes had been so made as that the first one matured on January 1, 1909, and he does not pretend to say that he was able to meet the same. On the contrary, he does not deny that when presented for payment after January 1, 1909, he failed or refused to discharge it. There was no proof of the actual value of the hotel property, the value as above stated merely being that as estimated by the parties in the exchange. Nothing in the record makes it conclusive to our minds that Snyder at the time the deed was returned to Mrs. Knowles was unwilling to surrender the property in order to entirely relieve himself of the two thousand dollar indebtedness that it is undisputed he was to pay Mrs. Knowles. We think the jury should have been permitted to determine the issue between the parties, particularly in view of the fact that appellee failed to show that Mrs. Knowles in the subsequent sale of the hotel property received any sum in excess of the two thousand dollars owing to her.

We conclude that the judgment should be reversed and the cause remanded for a new trial.

*Reversed and remanded.*